**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Mark Richards (SBN 321252)
*mrichards@clarksonlawfirm.com*
Tiara Avaness (SBN 343928)
*tavaness@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*[Additional counsel on signature page]*

*Attorneys for Plaintiffs and the Proposed Class*

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ROUILLARD and KRISTY MUNDEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAG-AFTRA HEALTH PLAN,<br><br>        Defendant. | Case No. 2:24-CV-10503-MEMF-JPR<br><br>Assigned for All Purposes to:<br>Courtroom 8B; Hon. Maame Ewusi-Mensah Frimpong<br><br>**PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL**<br><br>**Hearing Information:**<br>Date: February 13, 2025<br>Time: 10:00 a.m.<br>Courtroom: 8B<br><br>Complaint Filed: December 5, 2024 |

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

| | |
|---|---|
| LEE WILKOF, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SAG-AFTRA HEALTH PLAN,<br><br>        Defendant. | Case No. 2:24-CV-10626-WLH-PD<br><br>Assigned for All Purposes to:<br>Courtroom 9B; Hon. Wesley L. Hsu<br><br>Complaint Filed: December 10, 2024 |
| STEVEN BARR, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SAG-AFTRA HEALTH PLAN,<br><br>        Defendant. | Case No. 2:24-CV-10462-SVW-BFM<br><br>Assigned for All Purposes to:<br>Courtroom 10A; Hon. Stephen V. Wilson<br><br>Complaint Filed: December 10, 2024 |
| MASSIMILIANO FURLAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SAG-AFTRA HEALTH PLAN,<br><br>        Defendant. | Case No. 2-24-CV-10791-MRA-JC<br><br>Assigned for All Purposes to:<br>Courtroom 10B; Hon. Mónica Ramírez Almadani<br><br>Complaint Filed: December 13, 2024 |

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ..................................................................................... 1

II.    BACKGROUND ...................................................................................... 2

III.   LEGAL STANDARD ............................................................................. 2

IV.    ARGUMENT ........................................................................................... 3

       A.   Consolidation of the Related Actions is Proper ........................... 3

       B.   Appointment of Interim Class Counsel is Appropriate ................. 4

            a.   Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date .................................... 6

            b.   Proposed Interim Class Counsel Possess the Necessary Experience, Skill, and Knowledge of the Law to Prosecute this Action .............................. 7

            c.   Proposed Interim Class Counsel Have Committed, and Will Continue to Commit, the Resources Necessary to Fairly and Adequately Represent the Class ............................................................... 14

            d.   Other Factors Support Designating Proposed Interim Class Counsel .. 15

V.     CONCLUSION ...................................................................................... 17

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL

## TABLE OF AUTHORITIES

***Cases***                                                                        **Page(s)**

*Adedipe v. U.S. Bank, Nat'l Ass'n,*
    2014 U.S. Dist. LEXIS 28239 (D. Minn. Feb. 4, 2014) ................................... 6

*Azpeitia v. Tesoro Ref. & Mktg. Co. LLC,*
    2017 WL 4071368 (N.D. Cal. Sept. 14, 2017) ........................................... 4, 5

*Bolooki v. Honda Motor Co. Ltd.,*
    2023 U.S. Dist. LEXIS 55616 (C.D. Cal. Feb. 21, 2023).................................. 5

*Dependable Component Supply Corp. v. Murata Mfg. Co.,*
    2018 WL 3388548 (N.D. Cal. Apr. 27, 2018) ............................................ 7

*Easton v. Bailey,*
    2013 U.S. Dist. LEXIS 206751 (C.D. Cal. Jan. 4, 2013) ................................ 16

*Ekin v. Amazon Servs., LLC,*
    2014 WL 12028588 (W.D. Wash. May 28, 2014).......................................... 16

*Stross v. Google, LLC,*
    2023 WL 3292854 (C.D. Cal. May 4, 2023) .............................................. 3

*Gordon v. Chipotle Mexican Grill, Inc.,*
    2019 WL 6972701 (D. Colo. Dec. 16, 2019)............................................. 7

*Howse v. Chiquita Canyon, LLC,*
    2024 U.S. Dist. LEXIS 210396 (C.D. Cal. Nov. 19, 2024) ............................... 4

*In re Data Breach Sec. Litig. Against Ceasars Ent.,Inc.,*
    2024 U.S. Dist. LEXIS 104130 (D. Nev. June 12, 2024) ................................ 15

*In re F21 Opco LLC Data Breach Litig.,*
    2024 U.S. Dist. LEXIS 105444 (C.D. Cal. June 12, 2024) ......................... 4, 5, 10

*In re IndyMac ERISA Litig.,*
    2008 WL 11343122 (C.D. Cal. Oct. 7, 2008)......................................... 6, 16

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED
ACTIONS AND APPOINT INTERIM CLASS COUNSEL

*In re Kia Hyundai Vehicle Theft Litig.,*
    2024 U.S. Dist. LEXIS 197781 (C.D. Cal. Sep. 30, 2024)...............................................8

*In re Lenovo Adware Litig.,*
    2015 WL 10890657 (N.D. Cal. July 27, 2015)...........................................5, 6, 7

*In re Meta Pixel Healthcare Litig.,*
    2022 WL 18399978 (N.D. Cal. Dec. 21, 2022)...........................................7

*In re Sandisk SSDS Litig.,*
    2023 WL 10367607 (N.D. Cal. Dec. 4, 2023)...........................................16

*Invs. Rsch. Co. v. U.S. Dist. Ct. for C.D. Cal.,*
    877 F.2d 777 (9th Cir. 1989)...........................................3

*Jine v. OTA Fran. Corp.,*
    2020 WL 7129374 (C.D. Cal. Sept. 11, 2020)...........................................3

*Medlock v. Taco Bell Corp.,*
    2009 WL 1444343 (E.D. Cal. May 19, 2009)...........................................16

*Paraggua v. LinkedIn Corp.,*
    2012 WL 3763889 (N.D. Cal. Aug. 29, 2012)...........................................4

*Wang v. OCZ Technology Group, Inc.,*
    276 F.R.D. 618 (N.D. Cal. 2011)...........................................4

*White v. TransUnion, LLC,*
    239 F.R.D. 681 (C.D. Cal. 2006)...........................................3

**Rules & Statutes**

Fed. R. Civ. P. 23(g)...........................................2, 5

Fed. R. Civ. P. 23(g)(1)(A)...........................................5, 15

Fed. R. Civ. P. 23(g)(1)(B)...........................................5, 15

Fed. R. Civ. P. 23(g)(1)(c)...........................................14

Fed. R. Civ. P. 42(a)...........................................1, 2, 3

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

iii

**<u>Other Authorities</u>**

Manual for Complex Litigation, §§ 10.22, 21.272 (4th ed. 2004).......................................*passim*

Charles Alan Wright et al., Fed. Prac. & Proc. § 1802.3 (3d ed. 2005)........................................ 5

Newburg & Conte, *Newberg on Class Actions,* § 9.35................................................. 16

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P.: (213) 788-4050  F.: (213) 788-4070  |  clarksonlawfirm.com

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL

## I.      **INTRODUCTION**

Within the past several weeks, four putative class actions have been filed in this District concerning a data breach that occurred at Defendant SAG-AFTRA Health Plan ("**SAG-AFTRA**"). SAG-AFTRA provides comprehensive healthcare benefits to members of the Screen-Actors Guild – American Federation of Television and Radio Artists labor union, the world's largest union of performers. On or around September 18, 2024, SAG-AFTRA "learned that an employee's email account had been compromised" between September 17, and September 18, 2024, enabling an unauthorized third party to access personal information related to plan participants (the "**Data Breach**"). The Data Breach impacted SAG-AFTRA members' sensitive personally identifiable information ("**PII**") and protected health information ("**PHI**") (collectively, "**Private Information**"), including their names, Social Security numbers, information associated with claims and health insurance information, and health plan participation numbers. *Id*.

Because all of the putative class actions arise out of the same Data Beach, they raise substantially the same, if not identical, questions of law and fact and otherwise satisfy the standard for consolidation under Federal Rules of Civil Procedure 42(a).

In this situation, the Manual for Complex Litigation, §§ 10.22, 21.272 (4th ed. 2004) ("**MCL**") also encourages the "private ordering" among Plaintiffs' counsel to determine a leadership structure for prosecution of the consolidated litigation. Consistent with that directive, and in keeping with its spirit of cooperation, plaintiffs' counsel across all pending actions have come together and agreed upon a proposed leadership structure, rather than submit competing applications. The agreed-upon leadership proposal is comprised of seasoned privacy and data breach class action lawyers as well as diverse and younger lawyers. The combination of talent and perspectives will ensure the effective and efficient prosecution of this matter. With the full support of their respective firms, each proposed attorney is also able to devote, and is fully committed to devoting, all resources necessary to successfully litigate this putative class action to

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED
ACTIONS AND APPOINT INTERIM CLASS COUNSEL

conclusion, on behalf of their clients and in the best interests of the thousands like them harmed as a result of SAG-AFTRA Health Plan's inadequate security measures.

For these reasons, as explained more fully below, Plaintiffs request that the Court (a) consolidate the related cases pursuant to Fed. R. Civ. P. 42(a); and (b) pursuant to Fed. R. Civ. P. 23(g), appoint John J. Nelson of Milberg Coleman Bryson Phillips Grossman PLLC, Gregory Haroutunian of Clayeo C. Arnold, A Professional Corporation, and Yana Hart of Clarkson Law Firm, P.C. as Interim Co-Lead Counsel ("**Proposed Co-Lead Counsel**"), and James F. Clapp of Clapp & Lauinger, LLP, as Executive Committee Chair, which consists of the foregoing three attorneys and their respective firms (collectively "**Proposed Interim Class Counsel**").

## II.    **BACKGROUND**

There are currently four putative class actions arising from the Data Breach. Plaintiffs and putative class members are individuals whose personal, sensitive information was compromised in the Data Breach. The cases filed to date are listed below (the "**Related Actions**"):

- *Rouillard, et al. v. SAG-AFTRA Health Plan*, Case No. 2:24-cv-10503-MEMF-JPR ("***Rouillard***");

- *Wilkof v. SAG-AFTRA Health Plan*, Case No. 2:24-cv-10626-WLH-PD (*"**Wilkof**"*);

- *Barr v. SAG-AFTRA Health Plan*, Case No. 2:24-cv-10642-SVW-BFM ("***Barr***"); and

- *Furlan v. SAG-AFTRA Health Plan*, Case No. 2:24-cv-10791-MRA-JC (*"**Furlan**"*).

On December 18, 2024, Plaintiff Rouillard filed a Notice of Related Cases pursuant to Local Rule 83-1.3 to relate the *Wilkof*, *Barr*, and *Furlan* matters to the *Rouillard* matter as the lowest numbered and first-filed case (DKT No. 11).

## III.    **LEGAL STANDARD**

When two or more actions "before the court involve a common question of law or fact," Fed. R. Civ. P. 42(a) permits the court to: "(1) join for hearing or trial any or all matters at issue

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *See* Fed. R. Civ. P. 42(a). A district court has "broad discretion . . . to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for C.D. Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See* MCL, § 11.631. "In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Stross v. Google, LLC*, 2023 WL 3292854, at *1 (C.D. Cal. May 4, 2023).

Concurrently, under Fed. R. Civ. P. 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Appointing interim class counsel is particularly appropriate where, as here, overlapping class suits are pending. *See* MCL, § 21.11 (explaining that appointing interim class counsel during the period before class certification is decided is appropriate in situations involving multiple overlapping putative class actions); *see also White v. TransUnion, LLC,* 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citation omitted) ("Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members."). Early appointments are beneficial in complex cases because they "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *See* MCL, § 21.11.

## IV.    **ARGUMENT**

### A.    **Consolidation of the Related Actions is Proper**

Here, "[t]he [four] actions arise out of fundamentally common questions of law and fact and failure to consolidate would simply result in repetitive motions and hearings." *Jine v. OTA Fran. Corp.,* 2020 WL 7129374, at *14 (C.D. Cal. Sept. 11, 2020). The Related Actions assert multiple common causes of action against the same Defendant – SAG-AFTRA – relating to the

Clarkson Law Firm, P.C.    |    22525 Pacific Coast Highway, Malibu, CA 90265    |    P: (213) 788-4050    F: (213) 788-4070    |    clarksonlawfirm.com

same factual underpinnings and seek the same relief in response to the same event (the "**Data Breach**"). The Related Actions each seek certification of similar overlapping classes and allege that Plaintiffs and Class Members suffered harm because their sensitive personal information, including their Social Security numbers, and Protected Health Information was exposed to third parties without their authorization. Consolidation of the Related Actions will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception. It will also avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any party. As such, Plaintiffs respectfully request that the Court consolidate them. *See, e.g., Howse v. Chiquita Canyon, LLC*, 2024 U.S. Dist. LEXIS 210396, at *100 (C.D. Cal. Nov. 19, 2024) (finding consolidation appropriate where it would bolster efficiency and avoid duplicative efforts of the parties); *In re F21 Opco LLC Data Breach Litig.*, 2024 U.S. Dist. LEXIS 105444 (C.D. Cal. June 12, 2024) (consolidating seven data breach cases with common questions of law and fact).

### B.    Appointment of Interim Class Counsel is Appropriate

Fed. R. Civ. P. 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." *Paraggua v. LinkedIn Corp.*, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (quoting Fed. R. Civ. P. 23(g)(3)). Designating lead counsel now, as this complex litigation is being organized, ensures the protection of the interests of the class in preparing consolidated Complaints, drafting and responding to motions, conducting discovery, and negotiating possible settlements. *See Wang v. OCZ Tech. Grp., Inc.*, 76 F.R.D. 618 at *4 (N.D. Cal. June 29, 2011) ("A court should "designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class.") (citing Fed. R. Civ. P. 23).

Determining the appointment of lead class counsel requires the Court to consider counsels' "(1) work in identifying and investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources." *Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*,

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL

2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017) (quoting Fed. R. Civ. P. 23(g)(1)(A)). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Courts in the Ninth Circuit have also considered additional factors such as counsel's willingness to work cooperatively with others, *see In re Lenovo Adware Litig.,* 2015 WL 10890657, at *1 (N.D. Cal. July 27, 2015), and the diversity of the proposed interim leadership group, *see Bolooki v. Honda Motor Co. Ltd.,* 2023 U.S. Dist. LEXIS 55616 (C.D. Cal. Feb. 21, 2023). Here, all of the Rule 23(g) and other relevant factors support appointing the Proposed Interim Class Counsel.

The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." MCL § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also, see also In re F21 Opco LLC Data Breach Litig.*, 2024 U.S. Dist. LEXIS 105444, at *3-5 (C.D. Cal. June 12, 2024) (creating efficiency by appointing interim lead counsel in a data breach class action). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1802.3 (3d ed. 2005).

Proposed Interim Class Counsel satisfy all the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). The attorneys have successfully litigated numerous class actions involving privacy claims on behalf of tens of millions of consumers. Proposed Interim Class Counsel possess the necessary resources to prosecute this litigation, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Because Proposed Interim Class Counsel have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, support of all Plaintiffs in all Related Actions, and the extensive resources needed to efficiently prosecute this action on behalf of putative class members, the Court should grant Plaintiffs' motion.

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL

### a. Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date.

One factor courts consider is the work and resources counsel expend investigating the claims being asserted when appointing lead counsel. *See, e.g., Adedipe v. U.S. Bank, Nat'l Ass'n,* 2014 U.S. Dist. LEXIS 28239, at \*6 (D. Minn. Feb. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"); *In re IndyMac ERISA Litig.*, 2008 WL 11343122, at \*2 (C.D. Cal. Oct. 7, 2008) (same).

Here, immediately after the public announcement of the Data Breach, Proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things:

- Investigating the facts surrounding the data breach;
- Interviewing numerous consumers injured by the data breach;
- Researching legal claims;
- Drafting initial pleadings;
- Investigating and consulting with experts in the area of data security and damages; and
- Organizing Plaintiffs and counsel and discussing consolidating the relevant actions for unified proceedings and preparing the consolidation and proposed leadership papers.

Proposed Interim Class Counsel will continue to operate as a cohesive, well-organized group. Going forward, and if appointed, Proposed Interim Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. *See*, *In re Lenovo Adware Litig.*, 2015 WL 10890657, at \*2 (noting that the establishment of a "reasonable, fair, and transparent" billing protocol is an important factor in selecting interim class counsel). Work assignments will continue to be allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating any duplication. Accordingly, the substantial work and investigation to date weigh in favor of

6

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

appointing Proposed Interim Class Counsel under Fed. R. Civ. P. 23(g)(3), as Proposed Interim Class Counsel are organized, unified, and committed to working together for the best interests of the class. *Dependable Component Supply Corp. v. Murata Mfg. Co.*, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (selecting interim counsel based on the effort expended to investigate the claims and the resources available to prosecute the litigation).

> **b. Proposed Interim Class Counsel Possess the Necessary Experience, Skill, and Knowledge of the Law to Prosecute this Action.**

A primary factor in selecting interim counsel is their experience, skill, knowledge, and familiarity with the relevant law. *See, e.g.*, *In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *2 (N.D. Cal. Dec. 21, 2022). Proposed Interim Class Counsel possess the experience and skill to prosecute this action efficiently and effectively. As set forth below, their résumés include extensive experience leading data breach and other complex class actions. This experience will drive their ability to formulate and present compelling positions on substantive and procedural issues during the litigation, in the best interest of the putative class. *See* MCL § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met."). Courts have found that proposed leadership's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g.*, *In re Lenovo Adware Litig.*, 2015 WL 10890657, at *2 (N.D. Cal. July 27, 2015) (finding class-action and complex litigation leadership experience relevant for appointment).

Data breach cases present unique and novel issues of fact and law that are always evolving. *See, e.g., Gordon v. Chipotle Mexican Grill, Inc.*, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy

measures, and industry standards, appointing interim class counsel who are experienced in complex class action litigation, including data breach litigation and related issues, is in the best interest of the Class. *See In re Kia Hyundai Vehicle Theft Litig.,* 2024 U.S. Dist. LEXIS 197781 (C.D. Cal. Sep. 30, 2024) (noting the complex nature of data breach litigation and the "considerable effort and skill" needed by appointed leadership to adequately represent the plaintiffs).

As demonstrated below, Proposed Interim Class Counsel each have substantial data breach class-action experience, resources, and knowledge that will benefit the putative class as this litigation proceeds.

### ***Proposed Co-Lead Counsel: John J. Nelson of Milberg, Coleman, Bryson, Phillips & Grossman, PLLC[1]***

Mr. Nelson is an attorney at the international plaintiffs' class action firm Milberg Coleman Bryson Phillips Grossman, PLLC ("**Milberg**"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg has been instrumental in obtaining precedent-setting decisions at every level, including at the United States Supreme Court.[2] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg is comprised of more than one hundred-twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location.[3, 4]

---

[1] Additional information regarding Mr. Nelson and his firm is set forth in the Milberg Firm Resume attached to Mr. Nelson's declaration as **Exhibit 1.**

[2] *See* https://milberg.com/precedent-setting-decisions/page/3/.

[3] See https://milberg.com/about-us/

[4] *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  |  F: (213) 788-4070  |  clarksonlawfirm.com

As a member of Milberg's data privacy team, Mr. Nelson has been appointed by state and federal courts as class counsel in data breach class actions, including: *Feathers v. On Q Financial LLC*, 2:24-cv-00811 (D. Ariz.) (appointed co-lead counsel); *Anderson v. Oak View Group, LLC*, No. 2:24- cv-00719 (C.D. Cal.) (appointed co-lead counsel); *Puller-Soto v. UNITE HERE*, No. 1:24-cv-01565 (S.D.N.Y.) (appointed co-lead counsel); *Garges v. Liberty Partners Financial Services, LLC*, No. 22CV01190 (Cal. Sup. Ct. for Santa Cruz Cty.) (final approval granted February 10, 2024); *Khederlarian et al. v. Utility Trailer Manufacturing Co.*, No. 22STCV30604 (Cal. Sup. Ct. for Los Angeles Cty.) (final approval granted November 1, 2023); *Michael Wilson v. Maxim Healthcare Services, Inc.*, No. 37-2022-00046497-CU-MC-CTL (Cal. Super. Ct. for San Diego Cty.) (final approval granted July 28, 2023); *Franchi, et al. v. Barlow Respiratory Hospital*, No. 22STCV09016 (Cal. Sup. Ct. for Los Angeles Cty.) (final approval granted July 12, 2024); and *Bustos v. Riverside Medical Clinic*, No CVRI2203466 (Cal. Sup. Ct. for Riverside Cty.) (final approval granted August 23, 2024). Mr. Nelson has also been appointed to the Plaintiffs' Steering Committee in *Cheng et al v. Toyota Motor Corporation, et al* a nationwide class action involving defective fuel pumps which resulted in a 330-million-dollar nationwide settlement. Case No. 1:20-CV-00629 (E.D.N.Y.) (final approval granted December 21, 2022). Mr. Nelson was also appointed to the Executive Committee in *In re Seresto Flea and Tick Collar Marketing, Sales Practices and Product Liability Litigation*, MDL No. 3009, Master Docket Case No. 1:21-cv-04447 (N.D. Ill.).

Mr. Nelson and Milberg are well equipped and committed to bringing the necessary experience and resources to this litigation and on behalf of the putative class.

**_Proposed Co-Lead Counsel: Gregory Haroutunian of Clayeo C. Arnold, A Professional Corporation[5]_**

Mr. Haroutunian is a principal member and Senior Associate of the data breach, complex litigation, and *qui tam* practices for the Arnold Law Firm. Since its founding by Clayeo C. Arnold

---

[5] Additional information regarding Mr. Haroutunian and his firm is set forth in the Arnold Firm Resume attached to his declaration as **Exhibit 2**.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

in 1975, the Arnold Law Firm has been a litigation-oriented practice in California. Mr. Haroutunian has offices in Los Angeles and Sacramento. The Arnold Law Firm prosecutes class action, mass tort, *qui tam*, product defect, employment, and personal injury cases and is a practice of trial lawyers with decades of collective experience in both state and federal courts and in pursuing claims on a nationwide basis.

Gregory Haroutunian, both as a leader in the data breach, complex litigation, and *qui tam* practices for the Arnold Law Firm, and from his prior history, possesses substantial experience in complex litigation matters. Mr. Haroutunian has an extensive background in privacy and consumer/government fraud litigation, actively participating in a currently sealed False Claims Act case involving widespread cybersecurity fraud upon the United States, and class action litigations filed in Federal and State Courts across the nation, as set out below.

Before joining the Arnold Law Firm in 2021, Mr. Haroutunian worked in diverse practices including in dozens of products liability medical device litigations in Courts throughout the country; employment and construction related complex class-action litigation involving multi-million-dollar settlements, and diverse areas of litigation throughout California, New York, and New Jersey. Mr. Haroutunian obtained his Juris Doctor from Georgetown University and Bachelor's degree from Columbia University. He is admitted to practice in the states of New Jersey, New York, and California, as well as numerous Federal Courts, and is currently in the process of obtaining his Certified Information Privacy Professional certification.

Mr. Haroutunian holds Leadership and Class Counsel positions in multiple data breach and data privacy litigation matters including, but not limited to: *In re F21 OPCO, LLC Data Breach Litigation,* No. 2:23-cv-07390-MEMF-AGR (C.D. Cal.) (Co-Lead Counsel); *Benavides v. HopSKipDrive, Inc.,* No. 23STCV31729 (Cal. Super. LA County) (Co-Lead Counsel); *In re Avis Rent a Car System, LLC Security Incident Litigation,* No. 2:24-cv-09243 (D.N.J.) (Co-Lead Counsel); *Bitmouni v. Paysafe Payment Processing Solutions, LLC*, 3:21-cv-00641-JCS (N.D. Cal.) (Class Counsel); *In re: Ethos Technologies Inc. Data Breach Litigation*, 3:22-cv-09203-SK (N.D. Cal.) (Class Counsel); *In re: Blackhawk Network Data Breach Litig.*, No. 3:22-cv-07084-

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL

CRB (N.D. Cal.) (Class Counsel); *Franchi v. Barlow Respiratory Hospital*, No. 22STCV09016 (Cal. Super.) (Class Counsel); *Parker v. Metromile, LLC,* No. 27-2022-000-49770-CU-BT-CTL (Cal. Super.) (Class Counsel); *Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC*, Case No. 6:21-cv-02158-RBD-DVI (M.D. Fal.) (Class Counsel).

As a principal member and Senior Associate of the Complex Litigation team at Clayeo C. Arnold, APC, Mr. Haroutunian has been an integral part of scores of high profile data breach and data privacy litigation matters in which other members of the Complex Litigation team have been appointed Lead Counsel in a wide range of data breach and data privacy litigation matters including but not limited to: *In Re: Snap Finance Data Breach*, 2:22-cv-00761-TS-JCB (D.UT.) (Co-Lead Counsel); *Holmes v. Elephant Insurance Company, et al.*, 3:22-cv-00487-JAG (E.D. VA.) (Co-Lead Counsel); *In Re: Arthur J. Gallagher Data Breach Litigation,* 1:21-cv-04056 (N.D. Ill.) (Co-Lead Counsel); *In Re: CaptureRx Data Breach Litigation*, 5:21-cv-00523 (W.D.TX.) (Co-Lead Counsel) (settled); *Desue v. 20/20 Eye Care Network, Inc. et al.,* 0:21-cv-61275-RAR (S.D. Fla.) (Executive Comm.); *In re: Mednax Services, Inc. Customer Data Security Breach Litigation,* 21-MD-02994-RAR (S.D. Fla.) (Executive Comm.).

### ***Proposed Co-Lead Counsel: Yana Hart of Clarkson Law Firm, P.C.*** [6]

Yana Hart immigrated from Kazakhstan and Russia as a teenager who could not speak any English. With little money or family support, Yana prioritized her education and worked odd jobs to pay for college tuition and room and board. The embodiment of hustle and perseverance, Yana graduated at the top of her undergraduate class and decided to go to law school. Near the end of her 3L year, the law school dean called Yana to notify her of an honor she had earned, but Yana had to consult a dictionary to learn the meaning of the word: "Valedictorian." In the span of a decade, Yana earned top educational honors, mastered the English language, became a proud U.S. citizen, and began her successful career as a public interest lawyer, fighting for the underdogs of the world.

---

[6] Detailed information regarding Ms. Hart and her firm is set forth in the Clarkson Firm Resume attached to her declaration as **Exhibit 3.**

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

Ms. Hart is now a partner at Clarkson Law Firm, P.C., a national public interest law firm of 31 lawyers, where she oversees the Data Privacy Litigation department. Ms. Hart's deep expertise in data breach class actions is complemented by her collaborative style, unique background, and critically diverse perspectives. While Ms. Hart's data breach expertise and leadership in this and other matters alone qualifies her for this appointment, her remarkable lived experience will also bring to leadership a unique perspective rarely represented.

For about a decade, Ms. Hart has represented plaintiffs in hundreds of cases, with the significant majority in federal courts throughout the nation, and she has overseen many complex privacy and data breach class actions. Most recently, the Honorable Jeffrey S. White appointed Ms. Hart Interim Co-Lead of *In re Dropbox Sign Data Breach Litigation,* No. 4:24-cv-02637-JSW, Dkt. 41 (N.D. Cal. Oct. 9, 2024).[7]

Ms. Hart's privacy and data breach department is dedicated to handling complex cases. The department deliberately maintains a limited number of cases to ensure Ms. Hart can commit the necessary time and resources to handle matters through trial and appeal, as required, and otherwise fully litigate important matters like this one. Ms. Hart's data breach experience is also complemented by deep experience at every functional stage of the litigation process. She has litigated many complex consumer class actions nearly through trial, and also had successfully briefed appeals in both federal and state courts.[8] A recent example of Ms. Hart's ability to litigate complex matters successfully is *Gunaratna, et al., v. Dr. Dennis Gross Skincare, LLC* (C.D. Cal. No. 2:20-cv-02311-MWF-GJS), a certified false advertising class action led by Ms. Hart.

---

[7] Other recent examples of Ms. Hart's privacy and data breach work include *B.K. et al. v. Desert Care et al.*, No. 2:23-cv-05021-SPG-PD (C.D. Cal., Feb. 1, 2024) (defeating pleading challenges for critical claims involving medical disclosure of patient information); *M.M., et al. v. Los Angeles Unified School District*, No. 22STCV37822 (Super. Ct. L.A. County, July 2, 2024) (Ms. Hart obtaining successful order overruling the demurrer against a third-party data vendor responsible for data breach disclosing highly sensitive personal and medical information); *C.M., et al. v. MarinHealth Medical Group, Inc.*, No 3:23-cv-04179-WHO (N.D. Cal., Jan. 19, 2024) (defeating motion to dismiss on all but one count in a class action involving disclosure of medical information).

[8] Recent examples include *Prescod v. Celsius Holdings, Inc.*, 2021 WL 5234499, at *27 (Aug. 2, 2021) (successfully opposing two appellate writs in favor of consumers resulting in a nationwide settlement before Hon. Kenneth Freeman); *Salazar v. Target Corporation*, 83 Cal.App.5th 571 (2022) (obtaining a reversal on appeal of an order sustaining a demurrer); *Baton et al. v. Ledger SAS et al.*, 2022 WL 17352192 (9th Cir. 2022) (obtaining a reversal of a district court's dismissal of data breach action on jurisdictional grounds, and subsequently obtaining a denial of a motion to dismiss on the merits)

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Recently, after years of arduous litigation, she gained final approval for a settlement that awarded nearly full restitution (73%) to participating class members, resulting in a claims rate that, at 23.8%, was more than 5 times what is typically seen in similar matters.[9] The Honorable Michael Fitzgerald of the Central District of California presided over the matter and can attest to the quality of Ms. Hart's work, diligence, and professionalism through the years of litigation. *Gunaratna*, 2023 U.S. Dist. LEXIS 60796, at *74 (C.D. Cal. Apr. 4, 2023) (observing the team led by Ms. Hart is "experienced, knowledgeable, and competent; that they will zealously advocate on behalf of the class; and that they will dedicate substantial time and resources litigating this action.")

In addition to securing excellent results for consumers in privacy and other class actions, Ms. Hart also has functional trial experience. In a civil rights matter before Judge Battaglia in the Southern District of California, which Ms. Hart took on a pro bono basis, she served as second chair of the full jury trial, handling almost all the substantive trial preparation, motions in limine, as well as the cross examination of several witnesses. *James v. Agnew et. al*., No. 3:15-cv-409 (S.D. Cal. 2018). Like Judge Fitzgerald, Judge Battaglia can also attest to the quality of Ms. Hart's work and her dedication and diligence overall.

The respect Ms. Hart has earned from her colleagues in this matter, across the privacy bar, and members of the federal judiciary before whom she has meaningfully litigated is also evident in her recent appointment as the Lawyer Representative for the Southern District of California. Chief Judge Dana M. Sabraw noted: "Although there were many highly qualified attorneys applying for the position, the judges were particularly impressed by [Ms. Hart]."

***Proposed Plaintiffs' Executive Committee Chair: James F. Clapp of Clapp & Lauinger, LLP[10]***

James F. Clapp is the founding partner of Clapp & Lauinger LLP and has been practicing law for 35 years. For the last 30 years, his practice has focused almost exclusively on plaintiff's

---

[9] *Kandel et al. v. Dr. Dennis Gross Skincare, LLC*, No. 1:23-cv-01967-ER (final approval granted by Judge Ramos where the nationwide class action was filed).

[10] Additional information regarding Mr. Clapp and his firm is set forth in the Clapp Firm Resume attached to Mr. Clapp's declaration as **Exhibit 4.**

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED
ACTIONS AND APPOINT INTERIM CLASS COUNSEL

class action litigation, primarily in the areas of consumer protection and employment law. Mr. Clapp been appointed lead or co-lead class counsel in more than 80 certified class actions, including numerous cases involving alleged violations of federal and state privacy laws, including the California Consumer Privacy Act ("**CCPA**"), the California Invasion of Privacy Act ("**CIPA**"), the Confidential Medical Information Act ("**CMIA**"), the Telephone Consumer Protection Act ("**TCPA**") and the Health Insurance Portability and Accountability Act ("**HIPAA**"). He has tried multiple class action cases to judgment. Mr. Clapp has been lead counsel of record in 16 published decisions before the Ninth Circuit, the California Supreme Court, and the California Courts of Appeal. Mr. Clapp received a California Lawyer of the Year ("**CLAY**") award in 2017, has maintained an AV-Preeminent rating from Martindale Hubbell since 1993, and has been named a California "Super Lawyer" since 2008.

Mr. Clapp has been appointed lead or co-lead class counsel in seven cases in this District: *Thompson v. Bebe Stores Inc.*, C.D. Cal. Case No. 00-cv-00950-GLT-AN; *Fitts v. Sears Roebuck & Co.*, C.D. Cal. Case No. 05-cv-00238-CJC-RNB; *Dewane v. Prudential Equity Group Inc.*, C.D. Cal. Case No. 05-cv-01031-DOC-RNB; *Karim v. Banc of America Investment Services*, C.D. Cal. Case No. 006-cv-00167-AHS-MLG; *Ebrahimi v. West Asset Management Inc.*, C.D. Cal. Case No. 09-cv-01109-CJC-SH; *Essex Partner Ltd. v. Merchant Cash and Capital*, LLC, C.D. Cal. Case No. 11-cv-03366-CAS-MRW; and *Ades v. OMNI Hotels Management Corp.*, 13-cv-02468-CAS-AGR.

### c. Proposed Interim Class Counsel Have Committed, and Will Continue to Commit, the Resources Necessary to Fairly and Adequately Represent the Class.

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(c). Here, Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED
ACTIONS AND APPOINT INTERIM CLASS COUNSEL

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

effective and efficient representation of the class members. Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to it and coordinating among themselves to consolidate the Related Actions and propose a leadership structure to the Court. As their firms' résumés and counsels' experience indicate, Proposed Interim Class Counsel have the resources to see this litigation through to its conclusion, including trial and any appeal. *See* Exs. 1-4.

### d. Other Factors Support Designating Proposed Interim Class Counsel.

In determining the best appointment for a specific case, in addition to the factors considered include by the Court under Fed. R. Civ. P. 23(g)(1)(A), the Court may consider other factors that make a Leadership Slate most qualified to represent the Plaintiffs in a case. *See* Fed. R. Civ. P. 23(g)(1)(B). Here, three other considerations support the requested appointments. First, Proposed Interim Class Counsel consist of lawyers and law firms that are diverse in makeup and views. One proposed co-lead is a leader with a proven track record in privacy litigation (Mr. Nelson who works for a firm representing plaintiffs across the globe; second (Ms. Hart) is a woman who immigrated from Kazakhstan and Russia, with experience in large variety of complex litigation involving not only privacy issues, but also credit reporting, identity theft, and consumer protection; third co-lead (Mr. Haroutunian) is man of Armenian Iranian decent, with the added experience in diverse practice areas including surety bond law, wage and hour, and product liability. Collectively, co-leads' diverse cultural and professional background reflect broader values of representation and inclusivity, aligning with the interests of the class they seek to represent. It is indisputable that diverse teams are more efficient, creative, and successful.[11] *In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, 2024 U.S. Dist. LEXIS 104130, at *16-17 (D. Nev. June 12, 2024) (noting ways diversity creates well rounded leadership structures including among others recruiting people from diverse backgrounds, distributing work to newer attorneys, and women in equity partnerships).

---

[11] *See, e.g.*, Robin J. Ely and David A. Thomas, *Getting Serious About Diversity: Enough Already with the Business Case*, HARVARD BUSINESS REVIEW (Nov.-Dec. 2020), https://hbr.org/2020/11/getting-serious-about diversity-enoughalready-with-the-business-case; Dieter Holger, *The Business Case for More Diversity*, WALL STREET JOURNAL (Oct. 26, 2019), https://www.wsj.com/articles/the-business-case-for-more diversity11572091200.

Second, Proposed Interim Class Counsel came together through private ordering and reached an agreement to work together. *In re IndyMac ERISA Litig.*, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) (noting that "counsel's ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" is an important consideration when appointing interim counsel) (quoting MCL §§ 10.224). Rather than file competing leadership applications, Proposed Interim Class Counsel met and conferred and agree it is in the best interest of the Plaintiffs and proposed Class members to form a unified front and cooperatively prosecute the claims arising from Defendant's alleged inadequate data security measures and unscrupulous actions. *Medlock v. Taco Bell Corp.*, 2009 WL 1444343, at *6 (E.D. Cal. May 19, 2009) ("The court should always encourage the parties to agree on lead counsel, while imposing its own choice only in extraordinary circumstances.") (quoting Newburg & Conte, *Newberg on Class Actions,* § 9.35); MCL § 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"); *Id.* § 21.272 (describing "private ordering" approach). This private ordering lends further support to appointing the proposed leadership structure. MCL, §§ 10.22, 21.272.

Finally, one of the Proposed Interim Class Counsel Co-leads (Ms. Hart) was the first in the nation to seek judicial relief on behalf of the putative class, which further supports the proposed appointment given their respective qualifications, vast privacy related experience, knowledge of applicable laws, and available resources, discussed in Section IV(B)(b) above. *See Easton v. Bailey*, 2013 U.S. Dist. LEXIS 206751, at * 4 (C.D. Cal. Jan. 4, 2013) (appointing as lead counsel the firms that were first to file, among consideration of other factors); *In re Sandisk SSDS Litig.,* 2023 WL 10367607, at *1 (N.D. Cal. Dec. 4, 2023) (appointing the first-filed case counsel as interim co lead class counsel where both sets of counsel had worked to identify and investigate the claims, had extensive experience in handling a broad range of class actions, were generally knowledgeable about the governing law and had the resources to effectively represent the putative class); *Ekin v. Amazon Servs., LLC*, 2014 WL 12028588, at *4 (W.D. Wash. May 28,

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL

2014) (considering who filed the first complaint, among other factors, when selecting interim class counsel among competing applicants).

## V.    **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that this Court: (a) consolidate all related actions; and (b) appoint Proposed Interim Co-Lead Counsel John J. Nelson of Milberg Coleman Bryson Phillips Grossman PLLC, Gregory Haroutunian of Clayeo C. Arnold, A Professional Corporation, and Yana Hart of Clarkson Law Firm, P.C.; and Executive Committee Chair James F. Clapp of Clapp & Lauinger, LLP.

Respectfully submitted,

Dated: January 2, 2025

**CLARKSON LAW FIRM, P.C.**

By: */s/ Yana Hart*

Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Mark Richards (SBN 321252)
Tiara Avaness (SBN 343928)
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

M. Anderson Berry (SBN 262879)
Gregory Haroutunian (SBN 330263)
Brandon P. Jack (SBN 325584)
**CLAYEO C. ARNOLD**
**A PROFESSIONAL CORPORATION**
12100 Wilshire Boulevard, Suite 800
Los Angeles, CA 90025
Telephone: (747) 777-7748
Fax: (916) 924-1829
aberry@justice4you.com
gharoutunian@justice4you.com
bjack@justice4you.com

17

**MILBERG COLEMAN BRYSON PHILLPS GROSSMAN, PLLC**
John J. Nelson (SBN 317598)
280 S. Beverly Drive
Beverly Hills, CA 92102
Telephone: (858) 209-6941
jnelson@milberg.com

**CLAPP & LAUINGER, LLP**
James F. Clapp
701 Palomar Airport Rd., Ste. 300
Carlsbad, CA 92011
Telephone: (760) 209-6565
jclapp@clapplegal.com

*Attorneys for Plaintiffs and the Proposed Class*

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 11-6.2, the undersigned, counsel of record for Plaintiffs Matthew Rouillard, Kristy Munden, Lee Wilkof, Steven Barr, and Massimiliano Furlan certifies that this brief contains 5,790 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 2, 2025

Respectfully submitted,

**CLARKSON LAW FIRM, P.C.**

*/s/ Yana Hart*
Yana Hart, Esq.

PLAINTIFFS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL