UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ROUILLARD, KRISTY MUNDEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAG-AFTRA HEALTH PLAN,<br><br>Defendant. | Case No.: 2:24-CV-10503-MEMF-JPR<br><br>Related Cases to be consolidated:<br>   2:24-CV-10626<br>   2:24-CV-10642<br>   2:24-CV-10791<br><br>**ORDER GRANTING IN PART MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL [ECF No. 13]** |

Before the Court is a Motion to Consolidate Related Actions and Appoint Interim Class Counsel filed by Matthew Rouillard, Kristy Munden, Lee Wilkof, Steven Barr, and Massimiliano Furlan (collectively, "Plaintiffs"). ECF No. 13.

For the reasons stated herein, the Court GRANTS IN PART the Motion to Consolidate Related Actions and Interim Appoint Class Counsel.

/ / /

/ / /

/ / /

/ / /

I. **Background**

A. **Factual Allegations as to this Action**[1]

Defendant SAG-AFTRA Health Plan ("SAG Health") is a labor-management trust established under California law, with its principal place of business in Burbank, California. Compl. ¶ 20. SAG Health provides health benefits to eligible participants in the entertainment industry and their dependents. *Id*. ¶¶ 1, 20. Entertainment workers earn eligibility through employment with producers who have signed a collective bargaining agreement with the Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA"). *Id*. ¶ 1. Rouillard is a SAG-AFTRA member who has received health benefits through SAG Health since 2016. *Id.* ¶ 11. Similarly, Munden is a SAG-AFTRA member whose enrollment period began in 2022. *Id*. ¶ 13.

To obtain health care benefits through SAG Health, SAG-AFTRA members must provide their personally identifiable information ("PII") and personal health information ("PHI"; together with PII, "Private Information"). *Id*. ¶¶ 2, 23. The information collected and stored by SAG Health includes names, social security numbers, and information associated with claims and health insurance information. *Id*. ¶ 24. SAG Health has posted on its website promises to protect the Private Information. *See id.* ¶ 25, 26 (quoting from SAG Health's website and privacy policy). Rouillard and Munden relied on these promises, *id*. ¶¶ 27, 29, and entrusted their Private Information to SAG Health, *id*. ¶¶ 10, 12.

On September 18, 2024, SAG Health learned that an employee's email account had been compromised. *Id.* ¶ 31. On September 16 and 17, there was unauthorized access to SAG Health's internal systems ("Data Breach"). *Id*. By October 3, 2024, SAG Health concluded that its members' Private Information was likely acquired by unauthorized parties. *Id*. SAG Health, however, did not notify the members until around December 2, 2024. *Id*. ¶¶ 31, 32.

As a result of the Data Breach, Rouillard and Munden spent significant amount of time and energy to deal with self-monitoring their accounts and investigating for fraudulent activities, alerting

---

[1] The following factual allegations are derived from the allegations in Plaintiffs Matthew Rouillard and Kristy Munden's Complaint, ECF No. 1 ("Complaint"), except where otherwise indicated. The Court makes no finding on the truth of these allegations and includes them only as background.

their banking services about the Data Breach, and more. *Id*. ¶ 17. Rouillard and Munden also suffered stress, fear, anxiety, and more. *Id*. ¶ 18.

Had SAG Health disclosed that its data systems were vulnerable to attack, Rouillard and Munden would not have provided their Private Information to SAG Health, enrolled into its health benefits coverage, paid premiums to receive health benefits coverage, or utilized its other services. *Id*. ¶¶ 10, 12, 28.

### B.   Procedural History as to this Action

Rouillard and Munden filed suit in this Court on December 5, 2024. Compl. On behalf of themselves and others similarly situated, they allege seven causes of action: (1) Violation of California Unfair Competition Law, (2) Violation of California Confidentiality of Medical Information Act, (3) Deceit by Concealment, (4) Negligence, (5) Breach of Express Warranty, (6) Invasion of Privacy, and (7) Unjust Enrichment. *See generally id*. Rouillard and Munden define the class for this action as "[a]ll persons whose Private Information was accessed, compromised, or stolen in the Data Breach announced by Defendant on December 2, 2024." *Id*. ¶ 95 (defining "Class"). They also define a subclass for California residents for this action as "[a]ll persons who currently reside in California and whose Private Information was accessed, compromised, or stolen in the data breach announced by Defendant on December 2, 2024." *Id*. ¶ 96 (defining "California Subclass").

On January 2, 2025, Plaintiffs filed the instant Motion to Consolidate Related Cases and Appoint Interim Class Counsel. ECF Nos. 13 ("Notice"), 13-1 ("Motion"). Plaintiffs seek an order from this Court the following:

1. Consolidating all related cases under Federal Rule of Civil Procedure ("Rule") 42(a).
2. Under Rule 23(g), appointing as Interim Class Counsel for the putative class:
   a. John J. Nelson of Milberg Coleman Bryson Phillips Grossman PLLC,
   b. Gregory Haroutunian of Clayeo C. Arnold, A Professional Corporation, and
   c. Yana Hart of Clarkson Law Firm, P.C. (together with Nelson and Haroutunian, "Proposed Interim Co-Lead Counsel"); and

d.  James F. Clapp of Clapp & Lauinger, LLP (together with the Proposed Interim Co-Lead Counsel, "Proposed Interim Class Counsel").

3. Appointing Clapp as Executive Committee[2] Chair.

Mot. at 2. SAG Health did not file an opposition or a notice of non-opposition on time.

On February 13, 2025, the Court heard the Motion. The Court ordered the parties to submit a joint report containing (1) a description of the proposed roles for "co-lead counsel" and the "executive committee" and (2) a memorandum supporting appointment of Nelson, Haroutunian, Hart, and Clapp as "co-lead counsel." ECF No. 22. The Court also ordered the parties to file a proposed timeline regarding the filing of a consolidated complaint, responsive pleadings, and dispositive motions. *Id*.

The parties filed their Joint Status Report on February 20, 2025. ECF No. 23 ("Joint Report"). In the Joint Report, the parties asked the Court to appoint James F. Clapp as "Liaison Counsel," not as Executive Committee Chair.[3] *Id*. at 1–3.

### C. Other Related Actions

A few other plaintiffs have filed actions that have been transferred to this Court because they appear to have some degree of factual overlap with this action. These cases are listed below (collectively, "Related Cases"):

1. *Wilkof v. SAG-AFTRA Health Plan*, Case No. 2:24-cv-10626 ("Wilkof Action"). Filed in this District on December 10, 2024. *See* Wilkof Action, ECF No. 1. Plaintiff Wilkof alleges four causes of action on behalf of himself and others similarly situated against SAG Health: (1) Negligence, (2) Breach of Implied Contract, (3) Unjust Enrichment, and (4) Violation of the California Unfair Competition Law. *See generally id*.

2. *Barr v. SAG-AFTRA Health Plan*, Case No. 2:24-cv-10642 ("Barr Action"). Filed in this District on December 10, 2024. *See* Barr Action, ECF No. 1. Plaintiff Barr alleges six

---

[2] Plaintiffs do not specify in the Motion who, if anyone, will be members of the Executive Committee.

[3] Given that the parties currently seek to have Clapp appointed as Liaison Counsel and not as Executive Committee Chair, the Court will refer to Clapp's position as Liaison Counsel in this Order.

causes of action on behalf of himself and others similarly situated against SAG Health: (1) Negligence, (2) Unjust Enrichment, (3) Breach of Implied Contract, (4) Violation of the California Confidentiality of Medical Information Act, (5) Violation of the California Consumer Privacy Act, and (6) Violation of the California Unfair Competition Law. *See generally id.*

3. *Furlan v. SAG-AFTRA Health Plan*, Case No. 2:24-cv-10791 ("Furlan Action"). Filed in this District on December 13, 2024. *See* Furlan Action, ECF No. 1. Plaintiff Furlan alleges five causes of action on behalf of himself and others similarly situated against SAG Health: (1) Negligence, (2) Breach of Implied Contract, (3) Unjust Enrichment, (4) Violation of California's Unfair Competition Law, and (5) Violation of the California Consumer Privacy Act. *See generally id.*

On December 18, 2024, Rouillard filed a Notice of Related Cases to relate the foregoing three actions to the instant action. ECF No. 11.

**II.   Applicable Law**

Where cases "involve a common question of law or fact," Rule 42 allows a court to: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *See* Fed. R. Civ. P. 42(a)(1)–(3). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

Under Rule 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Courts must consider four factors when appointing interim counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

**III.   Discussion**

For the reasons discussed below, the Court (1) consolidates the Related Cases and (2) appoints Interim Co-Lead Counsel as requested. The Court, however, does not appoint Clapp as Liaison Counsel. The Court further orders the filing of a master complaint.

### A. The Court Consolidates All Related Cases.

The Court finds it appropriate to consolidate the Related Cases. The actions meet the standard of Rule 42(a), and the Court finds that consolidation will be efficient to conserve the resources of the Court and all parties.

The Related Cases involve "common question of law or fact." *See* Fed. R. Civ. P. 42(a). Namely, the suits involve common questions regarding the Data Breach that allegedly occurred in September 2024, the extent to which SAG Health is responsible for the breach, and the harms that arose out of it. Although the various actions involve some different claims, all of them relate to the events alleged by Rouillard and Munden and share causes of action for Negligence, Unjust Enrichment, and Violation of the Unfair Competition Law. Plaintiffs are all members of SAG Health's health benefits coverage, and they generally allege the same or substantially similar forms of harm from the same general course of conduct. All these lawsuits will involve similar discovery as to the Data Breach. This is more than sufficient to meet the standard of common questions of law and fact. Thus, Rule 42(a)'s standard is met, and the Court "may" consolidate them.

The Court also finds that consolidation will be efficient. The Related Cases are in early stages of litigation, and discovery has not yet begun. Plaintiffs will need similar, if not the same, discovery, and it would be highly inefficient to require them to, for instance, separately serve interrogatories and take separate depositions of the same witnesses. It would also be inefficient to require SAG Health to respond to discovery separately. And it would be inefficient to require the Court to manage at least four separate actions involving the same basic discovery and to potentially handle separate motion practice on the same or substantially similar issues. Thus, the Court finds consolidation to be efficient.

In sum, the Motion is GRANTED with respect to consolidation of the Related Cases.

**B. The Court Appoints the Proposed Interim Co-Lead Counsel as Interim Co-Lead Counsel.**[4]

The Court finds that the Proposed Interim Co-Lead Counsel satisfy the standard of Rule 23(g). As such, the Court appoints them as Interim Co-Lead Counsel.

The Court finds the first factor for appointing interim counsel—the work counsel has done in identifying or investigating potential claims in the action—weighs in Plaintiffs' favor. Plaintiffs assert that the Proposed Interim Co-Lead Counsel "began investigating potential claims and remedies for the victims of the [Data Breach]" "immediately after the public announcement" thereof. Mot. at 6. These investigations included investigating facts, interviewing affected consumers, researching legal claims, drafting initial pleadings, consulting with experts, and organizing Plaintiffs. *Id*. The Proposed Interim Co-Lead Counsel further represent that they will "establish a standardized protocol for managing and reporting time and expenses," as well as "continue to [] allocate [work assignments] fairly and in a manner that takes advantage of the strengths of each firm while eliminating any duplication." *Id*.; Declaration of John J. Nelson, ECF No. 13-2 ("Nelson Declaration") ¶¶ 5, 6; Declaration of Gregory Haroutunian, ECF No. 13-4 ("Haroutunian Declaration") ¶¶ 4, 5; Declaration of Yana Hart, ECF No. 13-6 ("Hart Declaration") ¶¶ 5, 6. The Court finds that the Proposed Interim Co-Lead Counsel have done adequate work in commencing the Related Cases.

The Court also finds the second factor—counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action—and the third factor—counsel's knowledge of the applicable law—favoring Plaintiffs. Nelson testifies through his declaration that he has "prosecuted hundreds of complex individual and class action cases" and that his firm "has experience in privacy litigation nationwide, litigating numerous cases arising out with privacy matters including similar misuse of consumer data." Nelson Decl. ¶¶ 8–10; *see id*., Ex. 1

---

[4] The Court observes that the parties have grouped Clapp into the Proposed Interim Class Counsel, Mot. at 2, 13–14, but that his role is limited to "Liaison Counsel," Joint Rep. at 1–4. The parties have distinguished the respective roles of Co-Lead Counsel and Liaison Counsel. *See id*. at 3–4. In light of the differences between the roles, the Court considers only the appointment of Interim *Co-Lead* Counsel and not of Interim *Class* Counsel in this section. The Court discusses the appointment of Clapp as Liaison Counsel—and thereby Interim Class Counsel—in Section III.C, *infra* (declining to appoint Clapp as Liaison Counsel).

(Nelson's firm resume, listing consumer class action cases, including data breach actions, where the firm was appointed lead or co-lead counsel); *see also* Haroutunian Decl. ¶ 9 (listing cases in which Haroutunian held leadership and class counsel positions); Hart Decl. ¶¶ 9, 10 (representing that she has "prosecuted hundreds of complex individual and class action cases" and listing consumer data breach cases her firm litigated). Based on these declaration testimonies, the Court finds the Proposed Interim Co-Lead Counsel competent, experienced, and knowledgeable.

As to the fourth factor—the resources that counsel will commit to representing the class—likewise weighs in Plaintiffs' favor. The Proposed Interim Co-Lead Counsel testify that they can "draw upon the skills and talents of experienced attorneys and staff members located across the country." Mot. at 14. They also represent that they have "committed the resources required to ensure the effective and efficient representation of the class members." *Id*. 14–15. Each of the Proposed Interim Co-Lead Counsel declares that their responsive firm is "well capitalized and does not utilize third-party funders." Nelson Decl. ¶ 15; Haroutunian Decl. ¶ 12 (same); Hart Decl. ¶ 15 (same).

Moreover, the Court finds Plaintiffs' emphasis on the diversity the Proposed Interim Co-Lead Counsel aims to bring, Mot. at 15, and their "agreement to work together" instead of "competing [for] leadership" *id*. at 16, weighing in Plaintiffs' favor of appointing the three attorneys as Interim Co-Lead Counsel. *See* Fed. R. Civ. P. 23(g)(1)(B) (courts may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.").

In sum, the Court finds that the Proposed Interim Co-Lead Counsel satisfy the relevant factors for appointing interim counsel. Accordingly, the Court GRANTS the Motion with respect to appointing Nelson, Haroutunian, and Hart as Interim Co-Lead Counsel.

### C. The Court Will Not Appoint Clapp as Liaison Counsel.

Liaison counsel is "[c]harged with essentially administrative matters." Manual for Complex Litig., § 10.221. "The types of appointments and assignments of responsibilities will depend on many factors. The most important is achieving efficiency and economy without jeopardizing fairness to the parties." *Id*.

Plaintiffs have not established the need for a liaison counsel. In support of their argument to appoint Clapp as Liaison Counsel (and as Interim Class Counsel along with the Interim Co-Lead

1  Counsel), Plaintiffs' counsel cite three nonbinding cases: *White v. Med. Review Inst. of Am., LLC*,
2  No. 2:22cv00082-DAK-DAO, 2022 U.S. Dist. LEXIS 132016 (D. Utah July 22, 2022); *In re Bio-*
3  *Lab Class Actions*, No. 1:24-CV-4407-SEG, 2024 U.S. Dist. LEXIS 237782 (N.D. Ga. Nov. 15,
4  2024); and *In re Apple Device Performance Litig.*, No. 18-md-02827-EJD, 2018 U.S. Dist. LEXIS
5  244775 (N.D. Cal. May 15, 2018). Joint Rep. at 2. But these cases are inapposite. In *White* and *In re*
6  *Bio-Lab Class Actions*, the plaintiffs filed competing motions to appoint interim co-lead counsel and
7  liaison counsel. *See* 2022 U.S. Dist. LEXIS 132016, *6; 2024 U.S. Dist. LEXIS 237782, *11–*12.
8  This would have raised a valid concern that unless the courts appointed a liaison counsel, the various
9  plaintiffs may not be able to prosecute the action collaboratively. *See* Manual for Complex Litig. §
10 13.13 (recommending appointment of liaison counsel when "personal antagonisms" may hamper a
11 case). But here, Plaintiffs' counsel have convinced the Court that they have worked, and will
12 continue to work, together. *See* Mot. at 6 ("Proposed Interim Class Counsel will continue to operate
13 as a cohesive, well-organized group."). Separately, *In re Apple Device Performance Litig.* was a
14 multidistrict litigation. *See* 2018 U.S. Dist. LEXIS 244775, *18. But the Related Cases are not.
15 Although Rouillard and Munden hint at the possibility of cases pending in state courts or other
16 districts, Compl. ¶ 96 (defining "California Subclass"), it is not sufficient for this Court to find that a
17 liaison counsel is needed at this time for *Plaintiffs* and *the Related Cases*, all of which were filed in
18 this District and are currently before this Court.

19  Additionally, Plaintiffs' counsel do not advance any arguments about how Clapp will
20 contribute to "achieving efficiency and economy without jeopardizing fairness to the parties." *See*
21 Manual for Complex Litig., § 10.221. Although they assert that Clapp's familiarity with the Local
22 Rules and general class action procedures will assist litigating this case, Plaintiffs' counsel do not
23 specify how exactly his knowledge will increase efficiency and economy, especially in light of
24 Interim Co-Lead Counsel's own extensive experiences with class actions of similar, if not the same,
25 subject matter. *See* Joint Rep. at 1 ("[T]he proposed Co-Leads have extensive experience in data
26 breach litigation."). The Court's concern over Clapp's appointment and economy is further
27 accentuated by the parties' representation that they have agreed to engage in private mediation in
28 July 2025, *id.* at 4, as the Court does not believe that there will be such extensive "court filings" or

other activities requiring Clapp to monitor "compliance with the Local Rules" in the next approximately four months. *Id.* at 3. As such, the Court is not convinced that Plaintiffs' counsel have justified Clapp's appointment.

Accordingly, the Court DENIES the Motion with respect to the appointment of Clapp as Liaison Counsel.

### D. The Parties Shall File a Consolidated Class Action Complaint and Any Response Thereto.

District courts have "inherent power to control their dockets." *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008).

To ensure consistent and efficient adjudication in this Court and in light of the parties' reservation of July 1, 2025, for private mediation, the Court orders Plaintiffs to file one Consolidated Class Action Complaint by no later than July 31, 2025. The Court also orders SAG Health to respond to the Consolidated Class Action Complaint by August 29, 2025.[5] If SAG Health wishes to file motions to dismiss or similar motions, it is to do so via an omnibus motion. If Plaintiffs choose to oppose, they are likewise to do so via an omnibus opposition by September 19, 2025. An omnibus reply shall be filed by no later than October 10, 2025.

The Court strongly encourages the parties to review and familiarize themselves with the Local Rules of this District and this Court's own Civil Standing Order, available at https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong.

## IV. Conclusion

For the reasons stated herein, the Court ORDERS as follows:

1. The following actions shall be consolidated pursuant to Rule 42(a):
    a. *Rouillard, et al. v. SAG-AFTRA Health Plan*, Case No. 2:24-cv-10503;
    b. *Wilkof v. SAG-AFTRA Health Plan*, Case No. 2:24-cv-10626;
    c. *Barr v. SAG-AFTRA Health Plan*, Case No. 2:24-cv-10642; and

---

[5] All prior response deadlines to the previously filed complaints in the Related Cases are vacated and moot.

   d. *Furlan v. SAG-AFTRA Health Plan*, Case No. 2:24-cv-10791 (collectively, "Consolidated Action").

2. John J. Nelson, Gregory Haroutunian, Yana Hart, and their respective firms are appointed as Interim Co-Lead Counsel for the Consolidated Action under Rule 23(g). Interim Co-Lead Counsel for Plaintiffs shall collectively have sole, exclusive, full, and complete authority to prosecute this Consolidated Action on behalf of Plaintiffs, including, without limitation, performing the following tasks:

   a. Manage and oversee the litigation;
   b. Prepare and argue motions;
   c. Initiate and respond to discovery;
   d. Confer with opposing counsel;
   e. Attend hearings;
   f. Employ experts;
   g. Prepare for and conduct trial; and
   h. Conduct settlement negotiations.

3. James F. Clapp and his firm are not appointed as Liaison Counsel.
4. To ensure consistent and efficient adjudication in this Court, the Consolidated Action shall be captioned "*In re SAG Health Data Breach Litigation*," with Lead Case No. 2:24-cv-10503.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re SAG Health Data Breach Litigation ) ) ) ) ) ) ) ) | Lead Case No. 2:24-cv-10503-MEMF-JPR<br><br><br><br><br>**CONSOLIDATED ACTION** |

|                              | [DOCUMENT TITLE] |
|------------------------------|------------------|
| This Document Relates To:    )                   |
|                              )                   |
|                              )                   |
|                              )                   |
|                              )                   |
|                              )                   |

5. The case file for the Consolidated Action will be maintained under Lead Case No. 2:24-cv-10503-MEMF-JPR (the "Lead Case"). When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, e.g., "2:24-cv-10626-MEMF-JPR (*Wilkof*)."

6. Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar alleged operative facts as the Consolidated Action shall be related to the Consolidated Action. The parties shall file a Notice of Related Cases whenever a case that should be related to the Consolidated Action is filed in, transferred to, or removed to this District within seven (7) days of such filing, transfer, or removal.

7. In the event that any further related cases are filed in, removed to, or transferred to this Court, the following procedure shall apply:

    a. After any new case is transferred to Judge Frimpong, SAG Health shall promptly serve upon the new plaintiffs a copy of this Order. SAG Health shall then file a proof of service in the new case. The new plaintiffs shall have seven (7) days from the date of service to object to consolidation. If no objection is filed, the new case shall be automatically consolidated eight (8) days after the proof of service as to this Order is filed in the new case

8. Plaintiffs shall file a Consolidated Class Action Complaint no later than July 31, 2025, which shall be the operative complaint in the Consolidated Action and shall supersede all previous complaints filed in any of the Related Cases.

9. Any response to the Consolidated Class Action Complaint shall be due by August 29, 2025. All prior response deadlines to the previously filed complaints in the Related Cases are vacated and moot.

    a. If SAG Health wishes to file motions to dismiss or similar motions, it is required to do so via an omnibus motion by August 29, 2025 (which Plaintiffs must collectively oppose via an omnibus opposition, if they choose to oppose, by September 19, 2025). If SAG Health wishes to file a reply to Plaintiffs' opposition to its motions to dismiss or similar motions, it shall file an omnibus reply by no later than October 10, 2025.

10. This Order shall apply to the Related Cases, any subsequently consolidated action, any actions consolidated with the Related Cases, and any actions filed in or transferred or removed to this Court relating to the same common nucleus of alleged facts and the data breach incident underlying this litigation.

11. The Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for plaintiffs in any related case to the extent that the Interim Co-Lead Counsel are aware of any such action(s) and on all attorneys for plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

IT IS SO ORDERED.

Dated: February 25, 2025

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge